UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMONDRE MOORE,

        Plaintiff,

        v.                                      Case No. 24-cv-1344-scd

PATRICK J. MURPHY et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff LaMondre Moore is representing himself in this 42 U.S.C. §1983 case. He is proceeding on Eighth Amendment claims in connection with an alleged sexual assault by Defendant Patrick Murphy. On March 19, 2025, the Court denied without prejudice Moore's motion to appoint counsel. Although Moore has significant physical challenges, the Court observed that he has filed eleven cases since 2014. Three of those cases are open, and Moore has capably represented himself in one of those cases, negotiating a settlement with two of the three defendants and filing a motion for default judgment against the remaining defendant. The Court also observed that Moore receives consistent help from an inmate paralegal and it was unclear what other help may be available to Moore through his institution's law library. Dkt. No. 13.

On March 28, 2025, Eric Phillips, a special needs worker who is assigned to assist Moore, prepared a motion for reconsideration on Moore's behalf. Phillips explains that he is willing to help Moore only "this one time." Phillips asserts that he cannot help Moore beyond this one filing because he is busy with his other responsibilities, which include serving Moore his food tray, cleaning his cell, doing his laundry, and helping him with personal tasks that Moore is unable to

do because of his significant physical limitations, including having no fingers as a result of severe burn injuries. Phillips explains that the inmate paralegal who was previously assisting Moore is no longer at Moore's institution and other inmates are charging Moore for their help. Phillips also states that Moore confirmed that the institution does not have voice-to-text software available for legal work and paralegals at the law library are not allowed to assist inmates with their cases.

Based on this additional information, the Court concludes that Moore lacks the physical capacity to represent himself. Accordingly, the Court will grant Moore's motion for reconsideration, will vacate its March 19, 2025 decision, and will grant Moore's motion to appoint counsel. The Court reminds Moore that the demand for volunteer lawyers is high, but the supply is low. Few lawyers have the time, ability, or experience to volunteer for cases such as these. The Court encourages Moore to be patient as it makes efforts to recruit a lawyer to represent him. The process may take some time. The Court will stay all case deadlines and will promptly notify Moore in the event a lawyer volunteers to represent him. In the meantime, the Court encourages the parties to explore whether settlement is possible.

**IT IS THEREFORE ORDERED** that Moore's motion for reconsideration (Dkt. No. 14) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Court's March 19, 2025 decision (Dkt. No. 13) is **VACATED**, and Moore's motion to appoint counsel (Dkt. No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that all case deadlines are **STAYED** pending the Court's efforts to recruit a lawyer to represent Moore.

Dated at Milwaukee, Wisconsin on April 30, 2025.

STEPHEN C. DRIES
United States Magistrate Judge